CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC - 4 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSHUA MICHAEL HODNETT, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00544 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| H.L. WHITE, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Joshua Michael Hodnett, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, claiming that Officer White used excessive force against him. For the reasons stated, I find that Hodnett has failed to state a claim upon which relief can be granted and, therefore, I dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**

Hodnett alleges that on August 7, 2008, Officer White choked him and "almost" made him pass out. He claims that the Lieutenant on shift had to command Officer White to stop. By order entered November 6, 2008, I conditionally filed Hodnett's complaint and gave him the opportunity to amend his complaint to particularize the facts of his claim, indicating that he should amend his complaint to allege the circumstances surrounding the incident where he was allegedly choked, any injury he received as a result fo the incident, ane medical treatment he received as a result, and any medical treatment which he still needs for injuries incurred in the alleged incident. The time to respond has now passed and Hodnett has filed no additional facts in support of his claim.

**II.**

To establish an Eighth Amendment excessive force claim against a prison official, an inmate must show that the harm plaintiff suffered was sufficiently serious to amount to a constitutional violation and that the defendant acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (1996). Although there is no requirement that an inmate suffer

"serious" or "significant" pain or injury to demonstrate that his harm rises to the level of a constitutional violation, a plaintiff must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263, n. 4.

In this case, despite being given the opportunity to amend his claim, Hodnett has not alleged that he suffered anything more than de minimis injury, if any injury at all, or that any force used was "repugnant to the conscience of mankind." Accordingly, I dismiss Hodnett's claim.

## V.

For the reasons stated, I dismiss Hodnett's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 4th day of December, 2008.

*Jackson L. Kiser*
Senior United States District Judge

2